IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN ISON; REBECCA ISON; CENTRAL
ARKANSAS MARINE, LLC d/b/a GREERS
FERRY LAKE MARINE & ATV; and
CHOCTOW MARINA, LLC                                              PLAINTIFFS

v.                           No. 4:11-cv-373-DPM

MICHAEL MANZOLA d/b/a MANZOLA
CONSTRUCTION a/k/a MANZOLA
CARPENTRY; and JEANNINE MANZOLA
d/b/a MANZOLA CONSTRUCTION a/k/a
MANZOLA CARPENTRY                                                DEFENDANTS

ORDER

1. The Isons and Manzolas are family members in a dispute about a condominium attached to the Manzolas' Massachusetts home. Mrs. Ison is Mrs. Manzola's mother; Mr. Ison is her step-father; Mr. Manzola is a contractor. According to the Isons, during a 2006 visit to their Arkansas home, the parties made a contract that Mr. Manzola would build the Isons a condo attached to the Manzolas' home for $120,000.00. Checks to Manzola Construction totaling that amount are attached to the complaint. By 2010, the condo had been built (mostly) but the parties fell out. The Isons want their

money back, either on their contract (or one implied by law) or on a conversion theory. The Manzolas say there was no contract and the checks were gifts. Forum questions need deciding. Does the Court have personal jurisdiction over the Manzolas? And even if that power exists, is Arkansas a proper and convenient venue?

2. The Court denies the Manzolas' motion to dismiss for want of jurisdiction. The Isons have made a *prima facie* showing that the Manzolas have sufficient minimum contacts with Arkansas to support this Court having power over them in this family dispute. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The Court has not held an evidentiary hearing, and relies instead on the complaint and the parties' dueling affidavits. The Court must look at the facts in the light most favorable to the Isons and resolve all factual conflicts in their favor. *Epps*, 327 F.3d at 646–47.

The Isons' contract and quasi-contract claims are the hub of the case. Arkansas's long-arm statute, ARK. CODE ANN. § 16-4-101, extends as far as the Due Process Clause allows. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). So the familiar issue is the Manzolas' contacts with Arkansas. *Dever*, 380 F.3d at 1073–74. The Isons made a run at establishing general

personal jurisdiction because Mr. Manzola discussed doing building projects in Arkansas with other family members. Nothing ever came of these discussions. And these contacts are thin, not doing business continuously and systemically in Arkansas. No general personal jurisdiction over the Manzolas exists. *Dever*, 380 F.3d at 1074.

But resolving the disputed facts in the Isons' favor at this preliminary stage, specific personal jurisdiction exists over the Manzolas in the condo dispute. Mr. Manzola proposed the project in Arkansas during a 2006 visit. He and Mr. Ison planned the condo here. And the parties came to terms on the construction details and the price. For two years or so the parties talked by telephone and emailed between Arkansas and Massachusetts about the construction work. All of this was purposeful availment by Manzola of doing business with Arkansas residents. *Dever*, 380 F.3d at 1073.

As a matter of performance, the Manzolas are right that their (disputed) obligations were to build the condo in Massachusetts and make it available exclusively to their in-laws. The Isons, for their part, performed in Arkansas by writing checks on their Jacksonville bank account and mailing them to the Manzolas. The place a contract is made, though a weighty consideration, is

not determinative; adding in the parties' course of dealing and the place of performance, the balance tips for Arkansas. *K-V Pharmaceutical Co. v. J Uriach & CIA, S.A.*, 648 F.3d 588, 593-94 (8th Cir. 2011).

The Court has considered all the relevant factors, giving emphasis to the nature, quality, and quantity of the Manzolas' contacts with Arkansas and the direct line between those contacts and this dispute. *Dever*, 380 F.3d at 1073-74. The Isons have made a *prima facie* showing that the Manzolas' contacts with Arkansas were sufficient. The Manzolas could reasonably have anticipated having to appear in an Arkansas court about the condo contract. Notions of fair play and substantial justice are not offended by that event coming to pass.

**3.** The Manzolas' alternative motion to dismiss based on improper venue fails too. "[A] substantial part of the events or omissions giving rise to the claims occurred" in Arkansas and in Massachusetts. 28 U.S.C. § 1391(a)(2). Whether the parties made a contract will turn on what started here and ended there. Mr. Manzola's proposal, their initial discussions, their deal (or lack of one) — all these events occurred in Arkansas. Mr. Manzola's work, the parties' falling out, and the alleged conversion all occurred in Massachusetts. The condo is there. Venue is thus proper in either place. *Ibid.*

Exercising discretion informed by the record as a whole, the Court also declines the Manzolas' alternative request to transfer under 28 U.S.C. § 1404. Again, this case is about whether the Isons and Manzolas made a contract or the law should imply one to prevent unjust enrichment. Those questions will not be answered by subcontractors or building inspectors. They will be answered by the parties and their extended family. Most of these people are in Arkansas. Whatever the venue, some of the parties and witnesses will be inconvenienced. There will be less inconvenience, as best the Court can tell at this point, by leaving the case here. The interests of justice do not weigh for a transfer either: the Isons' choice of forum is entitled to weight; Arkansas law seems applicable to the contract and quasi-contract claims, while Massachusetts law seems applicable on conversion; and the Manzolas have not demonstrated a financial inability to litigate in Arkansas. The case will probably cost both sides about the same wherever the Court.

* * *

Motion, *Document No. 3*, denied without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

3 November 2011